**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE SALVADOR MORENO,<br><br>        Petitioner,<br><br>  v.<br><br>JAMES A. YATES, Warden,<br><br>        Respondent. | CV F 04-5553 OWW WMW HC<br><br>**FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL HISTORY**

Following a jury trial in Kern County Superior Court, Petitioner was convicted of second degree murder. The jury found that Petitioner had used a knife to commit the crime, and also found that he was sane at the time he committed the crime. The trial court sentenced Petitioner to fifteen years to life in state prison, plus one year for the knife

enhancement.

Petitioner filed a direct appeal to the California Court of Appeal, Fifth Appellate District ("Court of Appeal").  The Court of Appeal affirmed Petitioner's conviction and sentence on July 9, 2002.  Petitioner filed a petition for review with the California Supreme Court, which the court denied on September 11, 2002.

On March 4, 2003, Petitioner filed a petition for writ of habeas corpus with the Kern County Superior Court.  The court denied the petition on April 2, 2003, based on procedural defaults and on the merits.

On April 15, 2003, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal.  The court denied the petition on June 13, 2003, based on procedural defaults, and on the merits.

On June 30, 2003, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court.  The court denied the petition on March 17, 2004, without comment.

## STANDARD OF REVIEW

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after

its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on April 12, 2004, after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are

3

constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

ADMISSION OF EVIDENCE OF DOMESTIC VIOLENCE CONVICTION

Petitioner contends that the trial court abused its discretion in admitting evidence of a 1996 domestic violence conviction.  Specifically, Petitioner claims that the trial court abused its discretion in finding the evidence more probative than prejudicial.  Petitioner cites Evidence Code Section 1101 and various California law cases.

Respondent argues that this claim was rejected by the Kern County Superior Court on April 2, 2003, with a citation to <u>In re Dixon</u>, 41 Cal.2d 756, 759 (1953), indicating a procedural bar which precludes consideration of this claim in the present proceeding.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." <u>Coleman v. Thompson</u>, 501 U.S. 722, 729, 111 S.Ct. 2546 (1991); <u>LaCrosse v. Kernan</u>, 244 F.3d 702, 704 (9th Cir. 2001).  If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." <u>Noltie v. Peterson</u>, 9 F.3d 802, 804-805 (9th Cir. 1993); <u>Coleman</u>, 501 U.S. at 750,

4

111 S.Ct. 2456; Park, 202 F.3d at 1150.  Analysis on the merits is required to determine whether a petitioner can establish either prejudice or a fundamental miscarriage of justice. Accordingly, this court will consider the merits of Petitioner's claim.

Habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985).  Petitioner has thus failed to show either cause and prejudice or a fundamental miscarriage of justice so as to overcome procedural default.  Likewise, he has failed to show a basis for relief should this claim be considered on the merits.  Accordingly, this claim presents no basis for habeas corpus relief.

INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner contends that he was denied his Constitutional right to effective assistance of counsel at both the trial and appellate level by counsels' failure to object to testimony that went "beyond the allowable limited purpose," to the prosecutor's misuse of evidence, and to the prosecutor's impermissible reference during closing argument to the crime underlying Petitioner's 1996 misdemeanor domestic violence conviction.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d).  Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors.  Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Strickland, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result

5

of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688. The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984). Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. See Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984). Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d 1058, 1062 (2000).

In this case, Petitioner claims that counsel was ineffective for "not fully objecting all though the trials." He argues that counsel was ineffective for failing to object to "highly

6

prejudicial material" evidence, claiming that this amounts to ineffective assistance of counsel. He also argues that counsel was ineffective for failing to object to the prosecutor's discussion of his 1996 domestic violence conviction, and to the testimony of witnesses and experts as "going beyond the allowable limited purpose." Both the Superior Court and the Court of Appeal rejected Petitioner's claim of ineffective assistance of counsel.

Because Petitioner provides no viable basis on which trial counsel <u>could</u> have objected to any of the evidence at issue, Petitioner has failed to meet the first prong under <u>Strickland</u>. In particular, the court notes that the mere fact that evidence is prejudicial does not provide a basis for its exclusion. If evidence were not prejudicial to a defendant, the prosecution would not seek to admit it. Moreover, Petitioner has not demonstrated any probability that had trial counsel objected to the admission of the evidence now at issue, the outcome would have been different. As Respondent argues, the evidence against Petitioner was clear and overwhelming. This evidence included Petitioner's admission that he stabbed his wife in a fit of rage, and the corroborating testimony of Petitioner's children. The court must agree with Respondent that even if Petitioner could show that the performance of both trial and appellate counsel was constitutionally deficient, he cannot show prejudice, given that the jury convicted him only of the lesser-related offense of second degree murder.

Accordingly, the court concludes that Petitioner has failed to carry his burden of demonstrating that the state courts' adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Thus, this claim presents no basis for habeas corpus relief.

PROSECUTORIAL MISCONDUCT

Petitioner contends that the prosecutor committed misconduct in her closing

7

arguments. Specifically, Petitioner claims that during closing arguments, the prosecutor "covered the 1996 conviction, and in great detail the current crime to prove defendants criminal disposition." Petitioner claims that this was in direct contravention of the trial court's ruling regarding the admission of this evidence for limited purposes only. This claim was presented to all three levels of the California courts in petitions for writ of habeas corpus. The trial and appellate courts denied the claim on procedural grounds and the Supreme Court issued a silent denial. Again, analysis on the merits is necessary to determine whether Petitioner can show either cause and prejudice or a fundamental miscarriage of justice so as to overcome procedural default.

A habeas petition will be granted for prosecutorial misconduct only when the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 171, 106 S.Ct. 2464 (1986) (*quoting* Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871 (1974)); see, Bonin v. Calderon, 59 F.3d 815, 843 (9th Cir. 1995). To constitute a due process violation, the prosecutorial misconduct must be "of sufficient significance to result in the denial of the defendant's right to a fair trial." Greer v. Miller, 485 U.S. 756, 765, 107 S.Ct. 3102, 3109 (1987) (*quoting* United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375 (1985)). Under this standard, a petitioner must show that there is a reasonable probability that the error complained of affected the outcome of the trial - i.e., that absent the alleged impropriety, the verdict probably would have been different.

Respondent argues that the prosecutor never mentioned Petitioner's 1996 misdemeanor domestic violence conviction during her closing argument or rebuttal argument for the guilt phase of Petitioner's trial. Respondent reasons that this is presumably because the trial court excluded any evidence of the conviction except as impeachment, if Petitioner testified. Petitioner then testified during the sanity phase of the trial and in closing argument of that phase, the prosecutor mentioned Petitioner's prior domestic violence conviction

8

twice.  Specifically, in discussing Petitioner's life and history with his wife, the prosecutor stated, "on occasion there was an instance of domestic violence that you learned something about, but life still goes on."  RT 376-77.  The prosecutor continued, "In the past it seems when there was some domestic violence, life went on as normal.  But this time [the night of the murder] when there is some [sic] arguments, some domestic problems, life doesn't go on as normal."  RT 378.

The court must agree with Respondent that Petitioner has identified nothing that the prosecutor did during the guilt or penalty phases of trial that so infected the trial with unfairness as to make Petitioner's conviction a denial of due process.  Petitioner has thus failed to show either cause and prejudice or a fundamental miscarriage of justice so as to overcome procedural default.  Likewise, he has failed to show a basis for relief should this claim be considered on the merits.  Accordingly, this claim presents no basis for habeas corpus relief.

CALJIC 2.20.1

Petitioner contends that the trial court erred in instructing the jury with CALJIC No. 2.20.1, arguing that it reduced the prosecutor's burden of proof.  The instruction was given after two of Petitioner's children testified at trial, and provides as follows:

> In evaluating the testimony of a child ten years of age or younger you should consider all of the factors surrounding the child's testimony, including the age of the child, and any evidence regarding the child's level of cognitive development.  A child, because of age and level of cognitive development, may perform different than an adult as a witness, but that does not mean that a child is any more or less believable than an adult.  You should not discount or distrust the testimony of a child solely because he or she is a child
> "Cognitive" means the child's ability to perceive, to understand, to remember, and to communicate any matter about which the child has knowledge.

A challenge to a jury instruction solely as an error under state law does not state a claim cognizable in a federal habeas corpus action.  See, Estelle v. McGuire, 502 U.S. 62, 71-72 (1991).  To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting

9

conviction violates due process. See, id. at 72. Additionally, the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. Id. The court must evaluate jury instructions in the context of the overall charge to the jury as a component of the entire trial process. See, United States v. Frady, 456 U.S. 152, 169 (1982) (*citing* Henderson v, Kibbe, 431 U.S. 145, 154 (1977)). Furthermore, even if it is determined that the instruction violated the petitioner's right to due process, a petitioner can only obtain relief if the unconstitutional instruction had a substantial influence on the conviction and thereby resulted in actual prejudice under Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710 (1993) (whether the error had a substantial and injurious effect or influence in determining the jury's verdict.). See, Hanna v. Riveland, 87 F.3d 1034, 1039 (9th Cir. 1996). The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Id.

The Court of Appeal rejected Petitioner's claim that CALJIC No. 2.20.1 lessened the prosecution's burden of proof, stating:

> Defendant's argument fails for several reasons. First, this precise argument was rejected in *People v. Harlan* (1990) 222 Cal.App.3d 439. The *Harlan* court found that the word "perform" applies to nonverbal action and ". . . refers to one of many factors to be applied by a jury in determining a [child] witness's credibility, namely, the demeanor and manner of a witness while testifying. [Citation.]" (*Id*. At p. 455.) This holding was later reaffirmed in *People v. Jones* (1992) 10 Cal.App.4th 1566. We agree with these opinions.
>
> Second, the testimony of the children was minimal and, to some degree, helped the defense. Although the children stated that they saw defendant kill M., this fact was undisputed. What was in dispute was defendant's state of mind. The bulk of evidence on this question was presented through defendant's statement to police and the manner of the killing. Both girls testified that there parents were fighting, and both affirmed that they gave a truthful statement to the police. Defendant relief on R.'s statement in his argument to the jury to demonstrate that the fight was not one-sided and that M. uttered a profanity to defendant. Thus, defendant himself relied on some of the testimony of the children to prove his defense. He has failed to show any prejudice.

Petitioner has done nothing to carry his burden of showing that this decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d).

It would, in fact, be impossible for Petitioner to make that required showing, because the Ninth Circuit rejected a claim identical to that raised by Petitioner in Brodit v. Cambra, 350 F.3d 985, 990-91 (9th Cir. 2003), cert. denied, 542 U.S. 925 (2004), in which the court explained as follows:

> In Cupp v. Naughten, 414 U.S. 141, 142, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), the Supreme Court held that a state judge's instruction to a jury at a criminal trial advising that "[e]very witness is presumed to speak the truth," and explaining ways in which that presumption might be overcome, did not violate due process. (Internal quotation marks omitted.) Even if such an instruction were undesirable, erroneous, or universally condemned, a state conviction would not be overturned unless the instruction "violated some right which was guaranteed to the defendant by the Fourteenth Amendment." Id. at 146, 94 S.Ct. 396.
> In view of Cupp's strict standard for evaluating state courts' jury instructions and the California Court of Appeal's reasoned explanation that CALJIC 2.20.1 merely prevents disregard of a child's testimony, but does not amplify the testimony, Petitioner's federal challenge must fail. The state court's decision did not contravene or unreasonably apply clearly established Supreme Court precedent.

Based on the foregoing, the court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED and that judgment be entered for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)©.  The parties are advised that failure to file

11

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 1, 2006**                           **/s/  William M. Wunderlich**
mmkd34                                                              UNITED STATES MAGISTRATE JUDGE